**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4143**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON KENDALE DUDLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:18-cr-00182-BO-1)

Submitted:  December 31, 2020                           Decided:  February 5, 2021

Before MOTZ and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

W. Michael Dowling, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Kendale Dudley appeals his conviction following a jury trial for various drug offenses, including distribution and possession with intent to distribute 50 grams or more of methamphetamine and aiding and abetting, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court imposed a sentence of 360 months' imprisonment, which was below the advisory Sentencing Guidelines range. On appeal, Dudley argues that (1) the evidence at trial was insufficient to support his conviction on the above count, (2) the district court clearly erred in calculating the drug quantity attributable to him at sentencing, and (3) his sentence is procedurally unreasonable because the district court failed to provide an individualized explanation for the chosen sentence. We affirm.

Dudley argues that insufficient evidence supports his conviction for distribution and possession with intent to distribute 50 grams or more of methamphetamine because the lab report demonstrated that the substance tested contained less than 50 grams of methamphetamine. We review de novo the denial of a motion for judgment of acquittal. *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018). When a defendant challenges the sufficiency of the evidence to support a jury verdict, we view the evidence in the light most favorable to the Government and will sustain the verdict if it is supported by substantial evidence. *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). Giving the Government the benefit of all reasonable inferences, including the margin of error and confidence level described in the lab report, the jury could reasonably have found that the

2

substance contained at least 50 grams of methamphetamine. We therefore conclude that sufficient evidence supports Dudley's conviction.

Next, Dudley challenges the district court's drug weight finding. "We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. In so doing, we afford great deference to a district judge's credibility determinations and how the court may choose to weigh the evidence." *United States v. Williamson*, 953 F.3d 264, 272-73 (4th Cir. 2020) (internal quotation marks and citation omitted). In addition, a court imposing sentence may "consider any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (internal quotation marks omitted). We discern no basis for disturbing the court's drug weight finding, which was largely based on a credibility determination to which we afford great deference.

Finally, Dudley argues that his sentence is procedurally unreasonable because the district court did not explicitly respond to his sentencing arguments. The Government contends that this claim is reviewed for plain error, and that Dudley fails to demonstrate any plain error affecting his substantial rights. "A district court is required to provide 'an individualized assessment' based on the facts before the court, and to explain adequately the sentence imposed 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). "When a defendant presents non-frivolous reasons for imposing a different sentence, the district court must address or

3

consider them and explain why it has rejected them." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted).

"The adequacy of the sentencing court's explanation depends on the complexity of each case." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). "[O]ur review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence," but instead, "we look at the full context" surrounding the explanation. *United States v. Nance*, 957 F.3d 204, 213 (4th Cir.), *cert. denied*, No. 20-5825, 2020 WL 6385951 (U.S. Nov. 2, 2020). "Absent such contextual indicators, however, we have declined to guess at the district court's rationale, searching the record for statements . . . or for any other clues that might explain a sentence." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted). "Failure to provide such an explanation constitutes procedural error." *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020).

"A criminal defendant who wishes a court of appeals to consider a claim that a ruling of a trial court was in error must first make his objection known to the trial-court judge." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764 (2020). A party may preserve a claim of error by informing the court of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection. *Id.* (citing Fed. R. Crim. P. 51(b)). "By drawing arguments from [18 U.S.C.] § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." *United States v. Lynn*, 592 F.3d 572, 578 (4th

4

Cir. 2010). "[I]f the appellant lodged his objection to the adequacy of the district court's sentencing procedure for the first time on appeal," we review the claim for plain error. *Id.* at 578.

To establish plain error, a defendant must show (1) error, (2) that was clear or obvious, and (3) the error affected his substantial rights. *United States v. Fowler*, 948 F.3d 663, 669 (4th Cir. 2020) (citation omitted). If he does so, we will correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* (quotation marks and citation omitted). "An error affects a defendant's substantial rights if the error 'affected the outcome of the district court proceedings.'" *United States v. Hargrove*, 625 F.3d 170, 184 (4th Cir. 2010) (citation omitted). "To satisfy this requirement in the sentencing context, the defendant must show that he would have received a lower sentence had the error not occurred." *Id.* at 184-85 (internal quotation marks omitted).

The district court determined that Dudley's advisory Guidelines range was life imprisonment. As Dudley concedes on appeal, he asked the court to vary downward and impose a sentence between 220 months and 360 months of imprisonment; and the court granted his request. We therefore agree with the Government that his procedural sentencing claim is reviewed for plain error. We further conclude that, even assuming the court plainly erred in not adequately explaining his sentence, Dudley fails to show that his substantial rights were affected by the error.

5

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*